**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

FILED

03 JUN -3 AM 9: 52

JOSE OMELDO ERAZO,

    Plaintiff,

v.

No. Civ. 01-1335 JP/DJS

UNITED STATES OF AMERICA,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This action is brought *pro se*. Plaintiff seeks the return of personal property taken from him at the time of his arrest and detention. Plaintiff does not advance any legal theories or causes of action in support of his complaint, instead providing a brief description of the events leading to the seizure of his property and a description and valuation of those items.

2. On May 26, 2000 Plaintiff, Jose Omeldo Erazo, along with John Molina, was arrested by Drug Enforcement Administration agents in Albuquerque, New Mexico. Plaintiff asserts that he has been unable to obtain property seized at the time of his arrest. Plaintiff states that his jewelry was returned through his attorney but that a suitcase containing clothing and a Sony camcorder was never returned to him. In its response, Defendant states that the DEA seized

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1



997.4 grams of cocaine from a soft-sided suitcase that belonged to John Molina. Defendant agrees that Sam Candelaria, an agent for the DEA, took into custody the soft-sided suitcase with the cocaine as well as a black, hard-sided Samsonite suitcase containing miscellaneous men's clothing and shoes. Defendant states that during a preliminary hearing Molina identified the soft-sided suitcase as his property along with a black camera case and that Plaintiff never objected to Molina's claim of ownership of these two items. Defendant provided a receipt showing that on August 17, 2000, the DEA returned personal items consisting of a wallet, its contents, currency and jewelry to Plaintiff through his counsel. (Defendant's Response, Exhibit 1). On May 23, 2001 a Panasonic digital camera in the black camera case that Molina identified as his property at the preliminary hearing was returned to him through counsel. (Defendant's Response, Exhibit 2). Defendant asserts that on October 9, 2001, the black hard-sided suitcase and its contents were destroyed by the DEA since both Molina and Plaintiff had been convicted and sentenced to the custody of the Bureau of Prisons. Without supporting authority, Defendant contends that this matter should be dismissed so Plaintiff can exhaust his administrative remedies.

3. The government is clearly permitted to seize evidence for use in investigations and trial. *See, e.g., Warden v. Hayden*, 387 U.S. 294, 306; *United States v. Premises Known as 608 Taylor Ave., Apt. 302*, 584 F.2d 1297, 1302 (3d Cir.1978). "Nevertheless, the government may not by exercising its power to seize, effect a [d]e facto forfeiture by retaining the property seized indefinitely." *608 Taylor Ave.*, 584 F.2d at 1302. Thus, the general rule is that "seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." *Cooper v. City of Greenwood*, 904 F.2d 302, 304 (5th Cir.1990);*see, e.g., United States v. Francis*, 646 F.2d 251, 262 (6th Cir.1981); *United States v. Farrell*, 606 F.2d

2

1341, 1343 (D.C.Cir.1979); *608 Taylor Ave.*, 584 F.2d at 1302; *United States v. LaFatch*, 565 F.2d 81, 83 (6th Cir.1977); *United States v. Brant*, 684 F.Supp. 421, 423 (M.D.N.C.1988); *cf. Lowther v. United States*, 480 F.2d 1031, 1033-34 (10th Cir.1973) (finding that the government could not, without commencing forfeiture proceedings, retain and destroy evidence which was not illegal *per se* after the claimant was acquitted of criminal charges). Accordingly, courts recognize that the non-contraband "property of [an] accused in a criminal case, seized by officers and used as evidence, generally will be returned to him on proper application, and property taken under a search warrant is generally returned to its rightful owner when no longer needed in aid of a criminal prosecution if its ownership is undisputed." 79 C.J.S. Searches and Seizures §114 (1952); *Farrell*, 606 F.2d at 1347 (stating that seized property should be returned to its rightful owner unless it is contraband, it has been forfeited by the government, or "the property involved is subject to government retention pending termination of the trial"); *cf. United States v. Wilson*, 540 F.2d 1100, 1101 (D.C.Cir.1976) (acknowledging the district court's jurisdiction and duty to ensure the return of "property seized from [a criminal defendant] in the investigation but which is not ... stolen, contraband, or otherwise forfeitable, and which is not needed, or is no longer needed, as evidence").

4. Rule 41(e) of the Federal Rules of Criminal Procedure provides a remedy for a person who has been deprived of property. The Third, Fourth, and Fifth Circuit have all held that courts lack jursidiction to award damages under Rule 41(e). *United States v. Bein*, 214 F.3d 408, 412-16 (3rd Cir. 2000); *United States v. Jones*, 225 F.3d 468, 469 (4th Cir. 2000); *Pena v. United States*, 157 F.3d 984, 986 (5th Cir. 1998). However, the Ninth Circuit has held that the government should not be able to defeat a Rule 41(e) motion based on the fact that property that

has been destroyed. *United States v. Martinson*, 809 F.2d 1364, 1368 (9th Cir. 1987). That position has been adopted by the Second Circuit Court of Appeals. *Mora v. United States*, 955 F.2d 156, 159 (2d Cir. 1992). Further, in unpublished decisions the Tenth Circuit Court of Appeals has agreed that a Rule 41(e) motions may result in the award of damages. *United States v. Sanders*, 48 F.3d 1233, 1995 WL 94666 (10th Cir., Feb. 28, 1995)(unpublished disposition)(citing *Martinson* and *Mora, supra*); *United States v. Yung*, 103 F.3d 145, 1996 WL 680734 (10th Cir., Nov. 26, 1996)(unpublished disposition) (citing *Martinson*).

5. A motion for return of property pursuant to Fed.R.Crim.P. 41(e) is an equitable remedy which is available even if no criminal action is pending against the person seeking the return of the property. *United States v. Madden*, 95 F.3d 38, 40 (10th Cir. 1996). It is considered an independent civil action based upon equitable principles. *Id.* Where the property in question is no longer needed for evidentiary purposes, the person from whom it was seized is presumed to have a right to its return and the government has the burden of demonstrating that it has a legitimate reason to retain the property. *United States v. Yung*, 1996 WL 680734 at 2 (citing *Martinson*, 809 F.3d at 1369.

5. In its response to the instant motion, Defendant argues that the Drug Enforcement Agency acted reasonably when it waited eight months after Plaintiff was sentenced to destroy the property seized from him. The equitable doctrine of laches may apply to a Rule 41(e) action for return of property. *Williams v. Reno*, 114 F.3d 1199, 1997 WL 303659 (10th Cir., June 6, 1997) (unpublished disposition)(citing *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir. 1988) for the proposition that Rule 41(e) motions are governed by equitable principles). However, whether a claim is barred by laches must be determined by the circumstances of each case and the

4

affirmative defense requires the proponent to demonstrate that there has been an unreasonable delay in asserting a claim and that the proponent has been materially prejudiced by that delay. *Hutchison v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).

6. In order to help resolve this case and to address the question of whether Respondent has met its burden to assert the defense of laches, this Court held an evidentiary hearing on November 7, 2002. Plaintiff failed to appear for that hearing. Instead, Respondent presented evidence through the testimony of Special Agent Robert Godshall of the Immigration and Naturalization Service that Plaintiff was deported from the United States and returned to his native Columbia on April 29, 2002.

7. Review of the documents filed with the Court shows that Plaintiff has failed to notify the Court of his change of address as required by D.N.M.LR-Civ. 83.6. Further, Plaintiff has not filed any pleadings with the Court since he filed the motion which initiated this action. Plaintiff has not retained an attorney or otherwise undertaken any action in this matter. Given the facts that Plaintiff has taken no action to forward his case beyond filing the initial pleading and that he is unlikely to be able to legally return to this country, dismissal for lack of prosecution is the appropriate course. Given Plaintiff's deportation and the lack of a current address for him, further notice of the impending dismissal of this action would be futile.

## RECOMMENDED DISPOSITION

That this action be dismissed without prejudice.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE